**Ruth DISHMAN, Personal Representative of the Estate of Julie A. Etchison, Deceased, Appellant,**

v.

**COMMUNITY HOSPITALS OF INDIANA, INC., et al., Appellees.**

No. 48A02–1105–PL–467.

Court of Appeals of Indiana.

April 16, 2012.

*ORDER*

Appellees, by counsel, have filed a Motion to Reconsider Motion to Publish Memorandum Decision.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. On January 26, 2012, this Court handed down its decision in this case, designating it as an unpublished Memorandum Decision.

2. In a Motion to Publish Memorandum Decision that was file-stamped March 9, 2012, Appellees asked this court to redesignate that decision as For Publication.

3. On March 21, 2012, this court denied Appellees' Motion to Publish Memorandum Decision. In the Order denying that motion, we cited Indiana Rule of Appellate Procedure 65(B) ("Within thirty (30) days of the entry of the decision, a party may move the Court to publish any not-for-publication memorandum decision …") and stated, "Appellees filed the present motion on March 9, 2012, which was more than 30 days from the entry of the decision." Appellees correctly interpreted this language as conveying that the ruling was based upon the timing of the filing of the motion to publish.

4. On March 26, 2012, the Appellees filed a Motion to Reconsider Motion to Publish Memorandum Decision. In it, Appellees explain that they deposited the original motion to publish in the United States mail on February 24, 2012, and it was received on February 27, 2012. Apparently, that filing was defective and Appellees diligently attempted to cure the defect and resubmitted the motion on March 1, 2012. However, Appellees were informed that the resubmitted motion was also defective. They promptly cured the

---

defect and again resubmitted the motion to publish on March 9, 2012, this time successfully. This chronology of events explains how the Appellees' Motion to Publish Memorandum Decision came to bear a March 9, 2012 file-stamp.

5. In their Motion to Reconsider, Appellees present plausible argument in support of their claim that the original Motion to Publish should be deemed timely filed for purposes of Appellate Rule 65(B), i.e., that it complies with the requirement that it must be filed within thirty days of the entry of the decision. Therefore, Appellees urge, their motion should not be denied on grounds of lack of timeliness. In their Motion to Reconsider, the Appellees also request "clarification ... as to whether their Motion to Publish Memorandum Decision was properly denied based on timeliness." We find this request well taken and take this opportunity to clarify the basis for our ruling.

6. The decision whether to seek transfer is sometimes influenced by a consideration of the possible impact of the decision on other cases in the future. Of course, pursuant to Indiana Appellate Rule 65(D), a not-for-publication decision has no precedential value and therefore cannot have any effect on future cases. For this reason, it has long been the policy of this Court that a motion to publish a memorandum decision will not be granted after the time for filing a petition for transfer has expired, as publication of the decision may have changed the calculus on whether to seek transfer in the first place.

7. For the reasons set out in the previous paragraph, this court considers two separate time constraints when deciding whether to grant a motion to publish a memorandum decision—(a) Appellate Rule 65(B) and (b) the expiration of the time for filing a petition for transfer in the action. Often, these two result in the same deadline date. Sometimes, as here, they do not. Where they are not the same, the deadline for filing a petition for transfer is necessarily the earlier of the two, but in no instance does it expire before thirty days after the date of the entry of the decision. In those instances where they are not the same, we will not grant a motion to publish that arrives for decision after the expiration of the period for seeking transfer *and* where the non-movant did not petition for transfer, regardless of whether the motion is timely filed pursuant to Appellate Rule 65(B).

8. In the present case, even if we deemed the Appellees' original Motion to Publish as timely filed for purposes of Appellate Rule 65(B), it would not alter the deadline for filing a petition for transfer. By the time the original Motion to Publish arrived at this court for disposition, i.e., March 9, the deadline for the Estate of Julie A. Etchison to seek transfer to the Supreme Court had expired, and the Estate had chosen not to seek transfer. Accordingly, for the reasons set forth above, that motion was denied. For these same reasons, we hereby DENY Appellees' Motion to Reconsider Motion to Publish Memorandum Decision.

9. Because we believe this explanation will prove *instructive* not only to Appellees in this case, but to others in future cases as well, we direct that this order be published. The Clerk of this Court is DIRECTED to send copies of this Order to the Thomson/Reuters/West and Lexis Publishing Companies and to all other services to which published orders and opinions are normally sent.

FRIEDLANDER, MATHIAS, JJ., concur.

RILEY, J., dissents.